■ THOMAS HOARTY et al., Respondents, v OLD HOMESTEAD RESTAURANT, Defendant, and PUCK ASSOCIATES, Appellant. (And a Third-Party and Second Third-Party Action.) THOMAS HOARTY et al., Plaintiffs, v OLD HOMESTEAD RESTAURANT et al., Defendants, et al., Third-Party Plaintiff, et al., Third-Party Defendant. OLD HOMESTEAD RESTAURANT, Second Third-Party Plaintiff-Appellant, v PUCK ASSOCIATES, Second Third-Party Defendant-Respondent. [608 NYS2d 217] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered January 5, 1993, which granted second third-party defendant Puck Associates' motion for summary judgment dismissing the second third-party complaint, unanimously affirmed, without costs.

Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered February 2, 1993, which upon reargument of its decision dated October 6, 1992, granted plaintiffs' cross motion for permission to enter a default judgment against defendant Puck Associates, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the matter remanded and defendant Puck Associates is directed to interpose an answer within 20 days of service upon it of a copy of this Court's order with notice of entry.

The IAS Court properly concluded that because second third-party plaintiff The Old Homestead Restaurant breached

its agreement to obtain insurance for the catered event, it is liable to second third-party defendant Puck Associates for damages resulting from any liability on the part of Puck Associates. The parties' use and occupancy agreement clearly stated that the Restaurant would provide Puck, the owner of the building, with a valid certificate of insurance to cover property damage and personal liability. It is undisputed that no such certificate was produced. Puck's failure to exercise its option to cancel the agreement for lack of insurance did not relieve the Restaurant of its obligation to obtain such insurance. Clause 12 of the agreement preserved Puck's right to treat the failure to provide insurance as a breach and to seek appropriate remedies. Having breached its agreement to obtain insurance, the Restaurant is liable to Puck for any damages resulting from this negligence action *(Kinney v Lisk Co.,* 76 NY2d 215, 219).

It was improvident, however, for the IAS Court, upon reargument, to grant plaintiffs' cross motion for entry of a default judgment against Puck in the main action inasmuch as plaintiffs failed to establish a reasonable excuse for the extensive delay in seeking entry of the default judgment against Puck. Plaintiffs only speculate that predisbarment proceedings initiated against their original attorney prevented him from filing a timely motion for a default judgment; the only excuse given for not filing the motion until 10 months after the attorney's disbarment was that plaintiffs were waiting to hear from him about a referral. However, in light of the IAS Court's finding that plaintiffs appear to have a meritorious cause of action, we remand the matter to permit Puck to interpose an answer. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Nardelli, JJ.